MARY E. BILLINGS, *Plaintiff in Error*, v. ELBERT J. HENDRY, *Defendant in Error*.

Opinion Filed November 18, 1913.

1. The title of one who has a valid tax deed is not affected by the fact that he made no claim to own the land, though in possession, prior to the acquisition of the deed.

2. The fact that the trial judge admitted in evidence a tax deed, prima facie regular in substance and form as color of title, cannot in law do away with the legitimate effect of such a deed as evidence of title.

Writ of error to Circuit Court, Hillsborough County; F. M. Robles, Judge.

Judgment affirmed.

*Craig Phillips*, for Plaintiff in error;

*H. C. Gordon,* for Defendant in error.

HOCKER, J.—Plaintiff in error brought an action of ejectment in March, 1912, against defendant in error, in the Circuit Court of Hillsborough County, to recover the possession of the West half of Southwest quarter, and South Half of the Northwest quarter of Section Fourteen (14), Township Thirty (30), South of Range Nineteen (19) East. On the trial there was a verdict and judgment for the defendant, and the plaintiff sued out a writ of error.

The plaintiff exhibited in evidence a deed of the property to herself executed in August 1888, by Porter and wife, who are shown to have had an unbroken chain of title from the State. The defendant is shown to have bought the property from Frank L. Henderson, who conveyed it to him by warranty deed dated 31st of January, 1908. Henderson obtained a tax deed to the property in dispute dated 6th of August, 1902. As far back as 1885, Henderson, aided by two streams as natural boundaries, had fenced in about 1500 acres of land, including the land in controversy, and maintained thereby a pasture for his cattle, up to the time when he sold to Hendry, Some of this land he claimed to own before he obtained the tax deed.

The only assignments of error presented here question the action of the court in overruling certain questions addressed by the plaintiff to the witness Henderson which were intended to elicit his purpose in building his cattle fence, and whether he intended to claim the land in controversy. These were overruled as immaterial, and we find no ground for reversing the trial court.

That Henderson did not claim to own the land prior

---

---

to the acquisition of title under the tax deed, becomes immaterial, seeing that the tax deed is in the statutory form, and its *prima facies* in no wise overthrown. The attack upon the tax deed was futile. The taking and recording the tax deed, and the proof of continued use of the land by Henderson and his grantee, Hendry, certainly show an adverse claim of the premises, since the recording of the tax deed. This is not questioned by the plaintiff in error, so far as we can discover from her brief or the record. The fact that the trial judge allowed the tax deed to be introduced simply as color of title, cannot in law do away with the legitimate effect of a good tax deed as evidence of title.

The judgment below is affirmed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND WHIT-FIELD, J. J., concur.